[D.I. 8]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| PROFIT RECOVERY PARTNERS, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ONCOURSE HOME SOLUTIONS, LLC<br>f/k/a HOMEOWNER SERVICES<br>GROUP, et al.,<br><br>　　　　Defendants. | Civil No. 23-4043 (AMD)<br><br><br><br><br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |

**APPEARANCES:**

Joseph. W. Jesiolowski, Esq.
Nicholas Christopher Needle, Esq.
Clark Hill PLC
Two Commerce Square
2001 Market Street
Suite 2620
Philadelphia, PA 19103

　　*Counsel for Plaintiff*

Joel Max Eads, Esq.
Greenberg Traurig, LLP
1717 Arch Street
Suite 400
Philadelphia, PA 19103

　　*Counsel for Defendant Oncourse Home Solutions, LLC*
　　*f/k/a Homeowner Services Group*

**DONIO, Magistrate Judge:**

　　　　Presently before the Court is a motion [D.I. 8] filed by

Plaintiff, Profit Recovery Partners, LLC, pursuant to Local Civil

Rule 5.3 for an order to seal the complaint and exhibits attached thereto. The Court has considered Plaintiff's submission, no opposition having been filed, and decides this matter pursuant to FED. R. CIV. P. 78(b). For the reasons set forth herein, the motion to seal is denied without prejudice.

Plaintiff brings this action for breach of contract and unjust enrichment pursuant to New Jersey law. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds the jurisdictional limit exclusive of interest and costs. Generally, this case arises out of a "Consulting Services Agreement" dated April 19, 2018 between Plaintiff and Defendant American Water Works Service Company, Inc. (hereinafter, "American Water"). (Compl. [D.I. 1, 9], p. 2, ¶ 3.) Plaintiff alleges that pursuant to the contract, it provided consulting services to help American Water reduce its vendor costs. (*Id.* at p. 2, ¶ 4.) Plaintiff asserts that the contract was thereafter amended to provide that Plaintiff would perform consulting projects to help American Water's internal division, Homeowner Services Group (hereinafter, "HOS"), reduce its costs. (*Id.* at p. 2, ¶ 5.) Plaintiff avers that it performed services under the contract for several years, and American Water allegedly always paid the invoices sent by Plaintiff to American Water's HOS division. (*Id.* at pp. 3-4, ¶¶ 11, 20.) Plaintiff contends that American Water

2

subsequently sold its internal HOS division to a private equity fund which renamed the division Oncourse Home Solutions (hereinafter, "Oncourse"), the other defendant named in this action. (*Id.* at p. 4, ¶ 21.) Plaintiff alleges that after the sale, HOS stopped paying invoices sent by Plaintiff for the services provided by Plaintiff. (*Id.* at pp. 4-5, ¶ 22.) Because HOS has purportedly benefitted from Plaintiff's services but has allegedly failed to pay Plaintiff's invoices, Plaintiff asserts claims for breach of contract and unjust enrichment. (*Id.* at pp. 5, 19-23, ¶¶ 25-26, 101-128.) Defendant Oncourse asserts counterclaims for breach of contract based upon Plaintiff's alleged breach of two Statements of Work which purportedly caused Oncourse to be overbilled or to have overpaid for work performed by Plaintiff. (Answer, Affirmative Defenses, and Counterclaims of American Water Resources, LLC d/b/a Oncourse Home Solutions to Pl.'s Compl. (hereinafter, "Answer") [D.I. 14], pp. 20-24.)

Plaintiff now seeks to seal the complaint and the exhibits thereto, including the Consulting Services Agreement between Plaintiff and American Water (Exhibit A), an August 19, 2019 email between a representative of Plaintiff and a representative of HOS (Exhibit B), the addendum to the Consulting Services Agreement that purportedly authorized Plaintiff to provide services for a consulting project (Exhibit C), and a December 14, 2022 demand letter sent by Plaintiff to American Water

3

and HOS (Exhibit D). Plaintiff represents that it entered into a "Non-Disclosure Agreement" with American Water which purportedly prohibits disclosure of certain confidential and proprietary information and that the complaint in this case allegedly contains information subject to the terms of the Non-Disclosure Agreement. (Br. in Supp. of Mot. of Pl. Profit Recovery Partners, LLC to Seal Unredacted Compl. [D.I. 8], p. 2.)[1] Plaintiff argues that the parties to the Consulting Services Agreement and Non-Disclosure Agreement have a privacy interest in keeping the terms of those agreements confidential. (Decl. of Joseph W. Jesiolowski, Esq. in Supp. of Mot. to Seal Unredacted Compl. (hereinafter, "Jesiolowski Decl.") [D.I. 8], Aug. 10, 2023, p. 2.) While Plaintiff acknowledges that there is a presumption of public access to judicial records, it argues that the information to be sealed in this case "is not important to the general public as it involves agreements between private parties[.]" (*Id.*) Further, Plaintiff asserts that the parties would be injured if the complaint is not sealed because "[t]he privacy interests of the parties to the various Agreements may be violated[.]" (*Id.*) Finally, Plaintiff notes that it filed a redacted version of the complaint which purportedly only redacts "discussions regarding the terms of those

---

[1] Plaintiff has not attached a copy of the Non-Disclosure Agreement to its motion to seal.

Agreements." (*Id.*) The Court notes that the exhibits to the redacted complaint are redacted in their entirety.

Local Civil Rule 5.3 governs a litigant's request to seal documents filed with the Court. L. Civ. R. 5.3(c)(3). Under the Local Rule, a party seeking to seal documents or to otherwise restrict public access must demonstrate: "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." L. Civ. R. 5.3(c)(3).[2] For the reasons that follow, the Court finds that Plaintiff fails to demonstrate that these factors weigh in favor of sealing the complaint or the exhibits thereto.

This Court previously addressed sealing of a complaint in *Lamonica Fine Foods, LLC v. Cape May Salt Oyster Co., LLC*, No. 20-12338, 2021 WL 11723408, at *1 (D.N.J. June 3, 2021). In *Lamonica*, the plaintiff brought a claim for breach of a settlement

---

[2] As Plaintiff represents that there are no prior orders sealing the same materials in this action, and it identifies no party or nonparty known to be objecting to the sealing request, the Court considers herein only the first four factors under Local Civil Rule 5.3(c)(3) in deciding the instant motion.

agreement and attached to the complaint the settlement agreement at issue. *Id.* at *1. The parties in *Lamonica* sought to seal the settlement agreement and those portions of the complaint that quoted from the settlement agreement, arguing, *inter alia*, that the settlement agreement was the product of confidential negotiations between the parties, contained a confidentiality clause, and contained terms which may be used by a non-party competitor to the detriment of the parties. *Id.* at *1-2. The Court, however, concluded in *Lamonica* that the factors set forth in Local Civil Rule 5.3 did not support sealing the settlement agreement or those sections of the complaint that quoted from such agreement. *Id.* at *4. The *Lamonica* Court noted, in particular, that the plaintiff's breach of contract claim was based on the terms of the settlement agreement and that "[r]esolution of [p]laintiff's contract claim, therefore, [would] require consideration of the very terms of the settlement agreement that the parties seek to have sealed and, consequently, there is a presumptive right of public access to such information." *Id.* at *2. The Court in *Lamonica* further found that the parties failed to demonstrate the requisite injury to support sealing, as they did not assert that the settlement agreement contained "trade secrets, proprietary information, or other sensitive business information" and the plaintiff "only filed the motion to seal to comply with a confidentiality provision in the settlement agreement and not due

6

to concern of injury should the terms of the agreement become publicly available." *Id.* at *3. Although the confidentiality provision in the settlement agreement demonstrated the parties' intent to maintain the privacy of the terms of their agreement and there was no less restrictive alternative to sealing, the Court in *Lamonica* concluded that these factors were outweighed by the public interest in access to judicial records and the lack of any articulated harm by disclosure of the terms of the agreement. *Id.* at *2, 4.

The Court similarly concludes that the factors under Local Civil Rule 5.3 weigh against sealing the complaint and attached exhibits in the instant matter. In considering the public interest factor under Local Civil Rule 5.3(c), the Court notes that "'the public's common law right of access to judicial proceedings and records . . . 'is beyond dispute.''" *Lamonica*, 2021 WL 11723408, at *2 (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). "Access means more than the ability to attend open court proceedings; it also encompasses the right of the public to inspect and to copy judicial records." *Littlejohn*, 851 F.2d at 678 (citing *United States v. Criden*, 648 F.2d 814, 819 (3d Cir. 1981)). "The public's exercise of its common law access right in civil cases promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *Id.* Although "this presumption is

7

not absolute and may be rebutted[,]" *Tatum v. Chrysler Grp., LLC*, No. 10-4269, 2013 WL 12152408, at *2 (D.N.J. Aug. 19, 2013) (noting that a "[c]ourt may deny public access to judicial records if a movant can show good cause for keeping documents under seal"), if parties "ask a judge to decide their dispute, the public should have access to the information forming the basis of the judge's decision unless shown good cause." *Brock v. Vanguard Grp.*, No. 16-6281, 2017 WL 11507659, at *4 (E.D. Pa. July 27, 2017).

Here, Plaintiff seeks to seal the complaint, which alleges breach of the Consulting Services Agreement, as well as the Consulting Services Agreement itself and other documents attached as exhibits to the complaint. "A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." *F.T.C. v. AbbVie Prod. LLC*, 713 F.3d 54, 62 (11th Cir. 2013). The exhibits attached to a complaint are also treated as judicial records. *Id.* at 63. Resolution of Plaintiff's claims will require consideration of the very terms of the Consulting Services Agreement that Plaintiff seeks to have sealed and, consequently, there is a presumptive right of public access to such information. The parties may have entered into a Non-Disclosure Agreement with respect to the Consulting Services Agreement, but "bargained-for confidentiality does not overcome the presumption of access to

8

judicial documents." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) (citations omitted); *see also TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. 09-1531, 2010 WL 2474387, at *1 (D. Ariz. June 11, 2010) ("The Court does not find the parties' agreement to be a basis for sealing the public record in this case. If the Court were to allow this agreement to control this case, any parties in any case could by agreement stipulate to litigate their entire case under seal."). In addition, although Plaintiff contends that there is no public interest because the dispute is between private parties, the Court "is funded by the public and does not sit, in general, to resolve private disputes in secret." *Centennial Mill by Del Webb Cmty. Ass'n, Inc. v. Ply Gem Holdings, Inc.*, No. 17-7675, 2018 WL 3085210, at *6 (D.N.J. June 22, 2018). Accordingly, the Court finds that the public interest factor weighs against granting the motion to seal.

The Court next considers the private interest factor under Local Civil Rule 5.3(c). As noted above, Plaintiff represents that the information to be sealed here is subject to a Non-Disclosure Agreement, thereby demonstrating an intent to maintain the confidentiality of the terms of the Consulting Services Agreement. Plaintiff asserts generally that this case involves private litigants and that their dispute has no impact on public health or safety, but there is no further argument to support that assertion as to all parties. Therefore, the Court cannot conclude

9

that the private interest factor weighs in favor of or against granting the motion to seal at this time.

Turning to the injury factor of Local Civil Rule 5.3(c)(3), "the Court may seal information upon a 'particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.''" *Lamonica*, 2021 WL 11723408, at *3 (quoting *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006)). "'[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning[,]' will not suffice to seal a judicial record." *Id.* (quoting *Securimetrics*, 2006 WL 827889, at *2). "'[F]ailure to put forth a specific and clearly defined risk of injury is fatal to any motion to seal.'" *Id.* (quoting *Reilly v. Vivint Solar*, Nos. 18-12356, 16-9446, 2021 WL 248872, at *5 (D.N.J. Jan. 26, 2021) (rejecting as "conclusory" defendant's "assertion that the very nature of the information in question would put [Defendant] at [a] competitive disadvantage in the solar industry and cause financial harm")). The Court finds here that Plaintiff fails to specify a "clearly defined and serious injury" that would result from disclosure of the terms of the Consulting Services Agreement or other documents attached to the complaint. Plaintiff contends only that "[t]he privacy interests of the parties to the various Agreements may be violated" by public disclosure of the documents. (Jesiolowski Decl. at p. 2.) This assertion of harm,

10

however, is too vague to meet Plaintiff's burden of demonstrating injury with the requisite particularity to warrant sealing the complaint and exhibits thereto. Indeed, it appears that Plaintiff filed the motion to seal to comply with the Non-Disclosure Agreement and not due to concern of injury should the terms of the agreement become publicly available. Plaintiff does not, for example, assert that disclosure of the terms of the Consulting Services Agreement and other exhibits will place Plaintiff at a competitive disadvantage or cause financial harm. *See Reilly*, 2021 WL 248872, at *5 (stating that "[t]he allegedly obvious and inherent harm that would come from public access to these documents may be clear to Defendant, but it is not clear to the Court, and it is not the Court's duty to manufacture such an explanation on its own"). Furthermore, there is no submission from American Water, the other alleged party to the Non-Disclosure Agreement, setting forth any injury that would result to American Water from disclosure of the terms of the Consulting Services Agreement. As such, Plaintiff fails to make a sufficient showing of injury that will occur if the terms of the Consulting Services Agreement and documents related thereto are unsealed on the docket, and the injury factor thus weighs against sealing.[3]

---

[3] The Court notes that some of the information Plaintiff asks the Court to seal is already in the public domain in Defendant Oncourse's counterclaim, which is not filed under seal. (*See, e.g.,* Answer [D.I. 14] at pp. 22-23.)

Finally, the Court considers under Local Civil Rule 5.3(c) whether less restrictive alternatives are available. Plaintiff has filed a redacted version of the complaint on the docket. However, the terms to be redacted are the terms that must be considered in order to resolve this case on the merits. Accordingly, there are no less restrictive alternatives that would balance the substantial public interest in access to judicial records and the private interest in maintaining the confidentiality of the parties' contract. This factor, therefore, supports sealing of the Consulting Services Agreement and those documents that cite to such agreement.

Balancing the factors under Local Civil Rule 5.3(c), the Court finds that Plaintiff has not met its burden of demonstrating that the Consulting Services Agreement and documents related thereto, and those paragraphs of the complaint that relate to such documents, should be sealed. The lack of a less restrictive alternative supports sealing and the private interest factor neither weighs in favor of nor against sealing, but the significant public interest in public access to judicial records weighs strongly against sealing, particularly in light of Plaintiff's failure to rebut the presumption of public access by citing a specific injury that would result from disclosure of the contract terms. The motion to seal will therefore be denied without prejudice.

The Court, however, will allow the complaint and attachments thereto to remain sealed at this time so as to provide the parties one additional opportunity to move to seal such documents. To the extent any party files a renewed motion to seal, the party shall carefully review the materials that the party seeks to maintain under seal and limit redactions to only that material which qualifies for sealing under Local Civil Rule 5.3(c) and relevant case law.

CONSEQUENTLY, for the reasons set forth herein, and for good cause shown:

IT IS on this **7th** day of **December 2023,**

**ORDERED** that the motion to seal [D.I. 8] shall be, and is hereby, **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that any party may file a renewed motion to seal by no later than **January 5, 2024.** If a motion to seal is not filed by that date, the Court will direct that the unredacted version of the complaint and exhibits [D.I. 1] be unsealed.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE